Gary TAPELY II, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 42A01–0708–CR–359.

Court of Appeals of Indiana.

May 13, 2008.

Transfer Denied July 10, 2008.

Stephen R. Murphy, Jr., Murphy & Murphy, LLC, Vincennes, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy At-torney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Gary Tapely II was convicted of Class D felony possession of two or more precursors with the intent to manufacture methamphetamine. The house where Tapely was found contained substantial evidence of "multiple prior episodes of manufacturing" methamphetamine. (Appellant's Br. at 4.) Tapely asserts he could not be guilty of possession with intent to manufacture because the house did not contain precursors "sufficient to begin or otherwise advance the process of manufacturing." (*Id.*) We affirm.

### FACTS AND PROCEDURAL HISTORY

Late in the evening on September 8, 2004, Tapely arrived at the home of Christopher John Hand. Tapely helped Hand light incense to cover the smell of ether after Hand opened the can in the kitchen to "clean" the ether in water. (Tr. at 448.) Later, Hand and Tapely's brother, who had been in the basement stripping lithium batteries, left to go out in the country to finish manufacturing a batch of methamphetamine. Tapely knew what they were doing, but stayed at the residence.

Around 1:30 a.m. on September 9, 2004, the Vincennes Police Department received a report of a methamphetamine lab in the vicinity of the hospital. Police officers drove to the area and detected the odor of ether. Upon locating the strongest concentration of ether, the officers parked their cars and began walking through the neighborhood to pinpoint the origin of the smell. The smell appeared to be coming from Hand's home.

As the officers approached Hand's house to knock on the door, a white car passed one of the marked police cars on the street. The driver began honking the horn as the car passed Hand's house. There were no other cars in the vicinity to prompt the honking in the early morning hours. Just after the honking, the lights in Hand's house flickered off and on eight or ten times.

Tapely answered the front door thirty seconds after the officers knocked. The officers "explained to him that we smelled an odor of ether coming from this residence." (*Id.* at 158.) Tapely claimed he did not smell anything. One officer had Tapely sit on the front steps of the house while another went to obtain a search warrant for Hand's residence.

Tapely was alone in the residence. On the kitchen counter, police found a blender with white powder residue, which turned out to be 26 grams of "pill dough." (*Id.* at 413.) A chest freezer in the basement smelled of ammonia, but officers found no anhydrous ammonia in the house. Coffee filters in the kitchen trash and in a cooler in the basement contained a combined total of 26.47 grams of pseudoephedrine or ephedrine. Also found were an empty ether can by the kitchen trash, stripped and unstripped lithium batteries, syringes, twelve one-gallon cans of camp fuel,[1] acids, ammonia particles, nine HCL generators, and empty cold tablet boxes and blister packs.

## DISCUSSION AND DECISION

■ Tapely asserts the evidence is insufficient to support his conviction.

In reviewing sufficiency of the evidence claim, we will not reweigh the evidence or assess the credibility of the witnesses. We will consider only the evidence most favorable to the judgment, together with all reasonable and logical inferences to be drawn therefrom. The conviction will be affirmed if there is substantial evidence of probative value to support the conviction of the trier of fact. A judgment based on circumstantial evidence will be sustained if the circumstantial evidence alone supports a reasonable inference of guilt.

*Richardson v. State,* 856 N.E.2d 1222, 1227 (Ind.Ct.App.2006) (citations omitted), *trans. denied.*

■ The State charged Tapely with possession of precursors with intent to manufacture methamphetamine. *See* Ind.Code § 35–48–4–14.5(e) ("A person who possesses two (2) or more chemical reagents or precursors with the intent to manufacture ... Methamphetamine, a schedule II controlled substance under IC 35–48–2–6 ... commits a Class D felony."). The charging instrument alleged Tapely possessed "Ether, Ephedrine/Pseudoephedrine, and Lithium Metal." (Appellant's App. at 141.) All three of those are defined as "chemical reagents or precursors." *See* Ind.Code § 35–48–4–14.5(a).

Tapely acknowledges the house contained those items, but argues he could not be guilty because the house did not contain a sufficient amount of any precursor to produce methamphetamine. He has not provided citation to authority suggesting possession of a minimum amount of each precursor was required. Neither do we see any such requirement in the statute defining the crime of which he was convicted. Accordingly, we decline to read such a requirement into the statute.

■■ Next, Tapely notes Hand's testimony they had moved the manufacturing process to another location and Tapely had refused to join them. Tapely relies on this

---

1. Some of the cans were empty and others contained only a small amount of fuel.

evidence to suggest he did not have intent to manufacture methamphetamine.

Intent is a mental function. Absent an admission by the defendant, intent must be determined from a consideration of the defendant's conduct and the natural and usual consequences thereof. The trier of fact must resort to reasonable inferences based upon an examination of the surrounding circumstances to determine whether, from the person's conduct and the natural consequences of what might be expected from that conduct, a showing or inference of the intent to commit that conduct exists.

*West v. State*, 805 N.E.2d 909, 915 (Ind.Ct. App.2004), *trans. denied.*

Tapely knew what Hand and his brother were doing in Hand's house that evening; they were preparing all the ingredients for manufacturing methamphetamine. Tapely helped light incense to cover the smell of ether. As he was the only person in Hand's house when the police arrived, Tapely presumably flickered the lights off and on in response to the honks from the passing car. Tapely took thirty seconds to open the door after the police knocked, and then he claimed he did not notice a smell of ether. The combination of all this conduct permits a reasonable person to infer Tapely intended to be part of the manufacturing process, even if the process had been moved elsewhere.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.